**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GEORGE WILLIAMS** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **VERSUS** | § | **Civil No. 1:14cv417-HSO-JCG** |
| | § | |
| | § | |
| **GULFPORT SCHOOL DISTRICT** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER GRANTING**
**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S STATE LAW CLAIMS**

BEFORE THE COURT is the Motion [21] to Dismiss filed by Defendant

Gulfport School District (the "School District"). Defendant moves the Court to

dismiss Plaintiff George Williams's State law tort claims for intentional infliction of

emotional distress ("IIED") and negligent infliction of emotional distress ("NIED")

on grounds that:

    (1)    Plaintiff failed to serve a notice of claim pursuant to Miss. Code §
             11-46-11;

    (2)    Defendant is immune from liability because its actions were
             discretionary within the meaning of the Mississippi Tort Claims Act;
             and

    (3)    Plaintiff failed to plead any factual allegations that on the face of the
             Complaint plausibly assert an entitlement to relief for his IIED and
             NIED claims.

Def.'s Reply [31], at 1. In his Complaint [1-1], Plaintiff also asserts claims against

Defendant for race-based and/or retaliatory termination of employment in violation

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*,

and for violation of The Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

These federal claims, however, are not at issue in the instant Motion, which

addresses only Plaintiff's State law NIED and IIED claims. Mot. to Dismiss [21], at 3. Plaintiff has responded in opposition [27], and Defendant has replied [31]. After due consideration of the issues presented, the record, and relevant legal authorities, the Court finds that the allegations of Plaintiff's Complaint fail to state a claim against Defendant for NIED or IIED and the Motion to Dismiss pursuant to Rule 12(b)(6) should be granted.

## I. <u>BACKGROUND</u>

Plaintiff was a Grounds Supervisor within the Gulfport School District Maintenance Department. In April 2013, Plaintiff was involved in a motor vehicle accident in which he suffered a back injury. Compl. [1-1], at 2. Plaintiff's driver's license was suspended following the accident. *Id.* Plaintiff requested medical leave, beginning June 1, 2013, which was granted by Defendant. *Id.* On July 1, 2013, Plaintiff was terminated from his position by the Maintenance Director, Tom Hardaway, ostensibly based upon the suspended driver's license. *Id.* Plaintiff contends that the termination for his suspended driver's license was pretextual, and the wrongful suspension of his license was later reversed. *Id.*

Plaintiff's discrimination claims are based on his allegations that Mr. Hardaway, who is white, "had a history of making heavier work demands upon Plaintiff Williams—the only African American supervisor under Director Hardaway—than were made upon Caucasian Maintenance Supervisors." *Id.* Plaintiff also asserts that "Mr. Hardaway had repeatedly delayed and/or denied Plaintiff's requests for authorization to fill vacancies while assigning more work to

Plaintiff—often work that had been assigned to units supervised by Plaintiff's Caucasian peers." *Id.* Plaintiff claims that he attempted to "address the disparate treatment with Mr. Hardaway on May 24, 2013, in a non-confrontational manner, [but] Mr. Hardaway reacted angrily, slamming his chair and saying: 'I can't believe you said that' and turning his back to Plaintiff." *Id.* at 2–3.

Based upon these events, Plaintiff claims he is owed damages for infliction of emotional distress, stating:

> Defendant's acts and omissions were intentional, malicious and taken in reckless disregard of the statutory rights of Plaintiff. As a direct and proximate result of Defendant's intentional and/or negligent wrongful conduct, evoked outrage, fear and revulsion [sic] on the part of Plaintiff and caused him to suffer emotional harm and injury, extreme mental anguish, embarrassment, humiliation, and the loss of enjoyment of the ordinary pleasures of everyday life. Defendant is liable to Plaintiff for damages for its outrageous and abusive conduct and for intentional and/or negligent infliction of emotional distress towards Plaintiff.

*Id.* at 7–8 (internal numbering omitted).

## II. DISCUSSION

Defendant asserts three grounds upon which the Court could dismiss Plaintiff's State law claims for NIED and IIED, but the Court will begin its analysis with Defendant's argument that "Plaintiff failed to plead any factual allegations that on the face of the complaint plausibly assert an entitlement to relief for his IIED and NIED claims." Def.'s Reply [31], at 1. If Plaintiff's State law claims are unable to meet this threshold inquiry, the Court need not consider additional grounds for dismissal.

A.   <u>Standard of Review</u>

To survive Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted," Plaintiff's Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plaintiff may support an adequately stated claim "by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

In ruling on Defendant's Motion, the Court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009). Even so, Plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Dismissal pursuant to Rule 12(b)(6) "is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Robles*, 571 F.3d at 417 (quoting *Twombly*, 550 U.S. at 555, 570).

B.   <u>Plaintiff's Intentional Infliction of Emotional Distress Claim</u>

For a plaintiff to successfully assert a claim for intentional infliction of emotional distress, the Mississippi Supreme Court has held that "the emotional

distress must be proved to be a reasonably foreseeable result of the defendant's conduct." *Wilson v. Gen. Motors Acceptance Corp.*, 883 So. 2d 56, 64 (Miss. 2004). Under Mississippi law, "[t]he inquiry focuses on the conduct of the defendant rather than the physiological condition of the plaintiff." *Jenkins v. City of Grenada, Miss.*, 813 F. Supp. 443, 446 (N.D. Miss. 1993). "In order to prevail in a claim for intentional infliction of emotional distress, it is necessary to show that the conduct complained of was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Clark v. Luvel Dairy Products, Inc.*, 821 So. 2d 827, 831 (Miss. Ct. App. 2001) (quotation omitted). "[L]iability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppression, or other trivialities." *Lawson v. Heidelberg E.*, 872 F. Supp. 335, 338 (N.D. Miss. 1995). "Damages for such claims are typically not recoverable in employment disputes." *Clark*, 821 So. 2d at 831.

The Fifth Circuit has specifically discussed the intersection of Title VII employment discrimination claims and state law torts for infliction of emotional distress:

> [E]ven though conduct may violate Title VII . . . it does not necessarily become intentional infliction of emotional distress under [state] law. Only in the most unusual cases does the conduct move out of the realm of an ordinary employment dispute, into the classification of extreme and outrageous, as required for the tort of intentional infliction of emotional distress.

*Prunty v. Arkansas Freightways, Inc.*, 16 F.3d 649, 654 (5th Cir. 1994) (quoting

-5-

*Dean v. Ford Motor Credit Co.*, 885 F.2d 300, 307 (5th Cir. 1989)).  For example, in *Dean,* the innocent plaintiff had a missing check placed in her cash box and had two of her employer's checks placed in her purse by a supervisor to make it appear that she was a thief.  885 F.2d at 304, 307.  The Fifth Circuit reasoned that causing the plaintiff to be subject to accusations of theft and putting her in fear of such criminal accusations constituted outrageous conduct sufficient to support a claim for emotional distress.  *Id.* at 307.  By contrast, in *Renick v. National Audubon Society*, the plaintiff alleged that his refusal to allocate certain expenses to grant funds caused his supervisor to threaten to fire him and created a stressful work environment to the point that "she would hardly speak to him in staff meetings." *Renick v. Nat'l Audubon Soc., Inc.*, No. 3:07-CV-68-SAA, 2009 WL 377288, at *6 (N.D. Miss. Feb. 12, 2009).  The district court applied the *Dean* standard and reasoned that "[w]hile this indeed may have been an uncomfortable work environment, the plaintiff has not alleged any conduct that can be considered so egregious as to be considered outrageous in civilized society."  *Id.*

Plaintiff does not allege any facts suggesting that Defendant engaged in "extreme and outrageous" conduct sufficient to satisfy the *Dean* standard.  Even viewing the facts of the Complaint [1-1] in the light most favorable to Plaintiff, Mr. Haraway's conduct in assigning heavier workloads and appearing angered when Plaintiff suggested that the disparity was due to racial discrimination does not rise to the level of being "regarded as atrocious, and utterly intolerable in a civilized community."  *Clark*, 821 So. 2d at 831.  Plaintiff's claim for intentional infliction of

emotional distress fails to state claim for relief that is facially plausible.[1]  This claim will be dismissed.

C.     Plaintiff's Negligent Infliction of Emotional Distress Claim

Plaintiff's Complaint [1-1] also does not sufficiently allege a claim for negligent infliction of emotional distress.  "Unlike the tort of intentional infliction of emotional distress, a plaintiff may not recover for a claim of negligent infliction of emotional distress without showing that he or she suffered a physical injury." *Hambrick v. Bear Stearns Residential Mortgage*, No. CIV A 1:07CV258-P-D, 2008 WL 5132047, at *4 (N.D. Miss. Dec. 5, 2008) (citing *Waters v. Allegue*, 980 So. 2d 314, 318 (Miss. Ct. App. 2008)) (internal quotation omitted).  Plaintiff does not allege a physical harm resulting from Defendant's conduct.  Moreover, in Plaintiff's Response to Defendant's Motion to Dismiss this claim, Plaintiff admits that if the facts here did point to negligence, Mississippi law provides an exclusive remedy in workers' compensation rather than tort.  Pl.'s Response [27], at 6 n.1; *see also Renick*, 2009 WL 377288, at *6 (holding that the Mississippi Workers' Compensation Act, Miss. Code § 71-3-9, *et seq.*, bars an employee's tort claim against an employer grounded in a negligence theory, including negligent infliction

_____

[1] The Court notes that the dismissal of Plaintiff's State law tort claim for intentional infliction of emotional distress does not impact the potential for recovery of emotional distress damages under Plaintiff's federal employment discrimination claims.  *See Jenkins*, 813 F. Supp. at 446; *see also* 42 U.S.C.A. § 1981a(b)(3) (noting that damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses" are compensatory damages recoverable in a federal employment discrimination action under Title VII).

of emotional distress).  Because Plaintiff has not stated a plausible claim for relief under a theory of negligent infliction of emotional distress, this claim will also be dismissed.

III.   <u>CONCLUSION</u>

For the foregoing reasons,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Motion [21] to Dismiss filed by Defendant Gulfport School District is **GRANTED**, and Plaintiff's State law claims for negligent infliction of emotional distress and intentional infliction of emotional distress are **DISMISSED**.

**SO ORDERED** this the 17th day of July, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE
